457 So.2d 1110 (1984)
David BEATTIE, et al., and Area Communications, Inc., Appellants,
v.
SHELTER PROPERTIES, IV, U.S. Shelter Corp., and Universal Cable Services, Appellees.
Kim STANFORD, et al., and Area Communications, Inc., Appellants,
v.
DEANZA PROPERTIES-XI-LTD., et al., Appellees.
Nos. AT-434, AU-344.
District Court of Appeal of Florida, First District.
October 12, 1984.
*1111 Stephen H. Durant, of Martin, Ade, Birchfield & Johnson, Jacksonville, for appellants in No. AU-344.
James F. Valenti, Jr., of Mahoney, Hadlow & Adams, P.A., Jacksonville, for appellees in No. AU-344.
Martin, Ade, Birchfield & Johnson, Jacksonville, for appellants in No. AT-434.
Commander, Legler, Werber, Dawes & Sadler, Jacksonville, for appellees in No. AT-434.
ZEHMER, Judge.
These two cases present essentially the same legal issue: whether section 83.66, Florida Statutes (1982),[1] is unconstitutional because it mandates a taking of private property without just compensation in violation of section 6, article X of the Florida Constitution and the fifth and fourteenth amendments to the United States Constitution. The cases were consolidated for oral argument and will be jointly disposed of in this opinion.
Area Communications, Inc. (Area), holds a nonexclusive franchise from the City of Jacksonville to provide cable television service to residents in various areas of the city. In case number AT-434, the appellant tenants, who hold leases for a term of more than one year at Baymeadows Apartments, contracted with Area to provide cable television service to their apartments. *1112 The Baymeadows apartment complex consists of 904 units owned by appellees, Shelter Properties IV, and managed by U.S. Shelter Corporation (landlord). When Area made its agreement with the tenants, no cable service was available to the tenants; but the landlord had already contracted with appellee Universal Cable Services (Universal) for the installation of an independent receiving unit to provide television service to its apartment complex.[2] Several months later, the independent receiving unit was installed and began providing, with some difficulties, twelve-channel service. Area provides thirty-two channel service.
Area sought permission from the landlord to provide cable service to apartment tenants who requested service, but the landlord refused to allow Area access to install its cables. Area has offered to provide the landlord detailed plans showing that installation of its cable equipment will be in harmony with the character of the apartment complex and has also offered to pay the landlord up to $5,000 for easements necessary to install its equipment and provide cable service.
Area and the tenants of Baymeadows contracting with it filed suit against the landlord and Universal seeking to enforce their rights under section 83.66, Florida Statutes (1982), by injunction prohibiting the landlord from installing and operating the independent receiving unit and compelling the landlord to give Area access to the premises in order to provide service to the tenants. At trial, the major factual issue was whether the television signal from Baymeadows' independent receiving unit was "comparable" to that provided by Area within the meaning of section 83.66(4), Florida Statutes (1982). A ruling on this factual issue adverse to plaintiffs would obviate the necessity for Baymeadows to provide access to Area. The trial court found that the signal of the independent receiving unit was not comparable to Area's signal, but the court entered judgment for appellees upon the ruling that section 83.66 was unconstitutional on two grounds: (1) The statute authorized a "taking" of an apartment owner's property without effectively conferring the power of eminent domain to appropriate the property of another; and (2) the statute improperly authorized a "taking" of private property for a `private,' not a `public,' purpose within the meaning of Section 6, Article X, of the constitution of Florida" and private property may be taken only for a public purpose, citing Peavy-Wilson Lumber Co. v. Brevard County, 31 So.2d 483 (Fla. 1947).
In the second case, number AU-344, the appellant tenants of Woodlake Apartments contracted with Area to provide cable service to their apartments. The appellee owners of Woodlake did not provide any cable service to the tenants and had not contracted with any company to provide such service. The owners denied Area permission and access to install the requested service, so Area and the tenants filed suit seeking to enforce the tenants' right of access to Area's cable television service protected under section 83.66, Florida Statutes (1982). Appellants also demanded damages for the owners' wrongful conduct in denying access to the apartments and for interfering with the business relationship between Area and the tenants. The trial court dismissed the complaint with prejudice, ruling that section 83.66 was unconstitutional on its face and as applied because (1) "it provides for or permits a taking of private property without provision for just compensation," in violation of the fifth and fourteenth amendments to the United States Constitution and (2) section 83.66(4) "is unconstitutionally vague" in not defining the meaning of "a signal comparable to cable" with more specificity. The court also dismissed count two for failure to state a cause of action for tortious interference.
*1113 The obvious purpose of section 83.66 is to assure that thousands of Florida residents living in apartment complexes will have equal access to cable television service of comparable quality and cost as that made available by franchised and licensed cable companies servicing residents living in personally owned family dwellings. The statute is intended to prevent profiteering by apartment owners by preventing them from treating their tenants as a captive market for the sale of inferior television reception services at excessive costs. To this end, the statute contains provisions that allow apartment owners to exercise a choice: either permit franchised cable companies access to serve the apartment tenants or install and make available a cable system having comparable signal and quality of service at a reasonably comparable cost. Cable television is fast becoming a major medium of public communication, education, and entertainment, and there is unquestionably a significant public interest in the proper public regulation of such medium to the end that all members of the public, including apartment dwellers, may be adequately and equitably served. For this reason, we believe the statute serves a legitimate public purpose which is well within the state's police power, as held in Loretto v. Teleprompter Manhattan CATV Corp., 458 U.S. 419, 102 S.Ct. 3164, 73 L.Ed.2d 868 (1982), and disagree with the ruling below that section 86.33 involves a taking of private property for private purposes only.
Nor do we believe that the language of the statute is, as ruled below, unconstitutionally vague for failing to adequately define "an independent television receiving unit, which provides a television signal comparable to cable for use by tenants" (emphasis supplied). We have no difficulty understanding the emphasized language to mean that the landlord's independent television receiving unit must provide television service that is comparable to available cable service in programming variety (number of stations), as well as in the quality of the picture transmitted to the apartments.
Unquestionably, however, the requirements in section 83.66 that landlords allow franchised cable television companies access to the apartment premises for installation of equipment amounts to a taking of property compensable under the Fifth and Fourteenth Amendments. Loretto v. Teleprompter Manhattan CATV Corp., supra. Accordingly, we are persuaded to follow the decision of our colleagues at the Third District in Storer Cable T.V. of Florida, Inc. v. Summerwinds Apartments Associates, Ltd., 451 So.2d 1034 (Fla. 3d DCA 1984), holding that application of the principles of Loretto to section 83.66 renders the statute unconstitutional for requiring the taking of property without providing for the payment of just compensation. We recognize that subparagraph (5) of the statute states that the cable television company "shall be responsible for paying to the landlord any costs, expenses, or property damage that are incurred by the landlord during the installation, repair, or removal of the cable," but we decline to construe that section as authorizing a "taking" and requiring payment of just compensation in view of the strong, direct prohibition in subparagraph (1) of the statute that no franchised or licensed cable television service shall be required:
... to pay anything of value in order to obtain or provide such service except those charges normally paid for like services by residents of, or providers of such services to, single-family homes within the same franchised or licensed area and except for installation charges as such charges may be agreed to between such tenant and the provider of such services.
In the absence of specific provisions for payment of just compensation, the statute is invalid.
We find it unnecessary to decide the sufficiency of the count for tortious interference with contractual relations in case number AU-344.
AFFIRMED.
*1114 ERVIN, C.J., concurs.
BOOTH, J., concurs specially.
BOOTH, Judge, specially concurring:
I agree that Section 83.66, Florida Statutes, is unconstitutional for the reasons stated by the majority, and would also affirm the judgments of the trial courts in these cases, holding, inter alia, that the statute is unconstitutional as providing for the taking of private property for private purposes, and for vagueness.
NOTES
[1] Section 83.66, Florida Statutes, provides in part:

(1) No tenant having a tenancy of 1 year or greater shall unreasonably be denied access to any available franchised or licensed cable television service, nor shall such tenant or cable television service be required to pay anything of value in order to obtain or provide such service except those charges normally paid for like services by residents of, or providers of such services to, single-family homes within the same franchised or licensed area and except for installation charges as such charges may be agreed to between such tenant and the provider of such services.
(2) In determining whether to permit cable television service to a rental unit or complex, a landlord shall be authorized:
(a) To require that the cable television company submit to the landlord for approval detailed plans, specifications, and schematics for the proposed installation.
(b) To require that the installation of the cable be in harmony with the existing character of the complex and designed to maintain the aesthetic features of the site.
(3) Nothing herein shall be construed to require a landlord to permit more than one franchised cable television company to service the tenants residing in his rental units.
(4) Nothing herein shall be construed to require a landlord who has installed an independent television receiving unit, which provides a television signal comparable to cable for use by tenants, to accept installation and provision of cable television services from any cable television company.
(5) Any cable television company which is authorized to provide service to a rental unit or complex shall be responsible for paying to the landlord any costs, expenses, or property damage that are incurred by the landlord during the installation, repair, or removal of the cable. Payment of such amounts shall not be construed as a payment of value in order to obtain or provide cable television services.
See also, Chapter 82-66, Laws of Florida, section 14 (1982); section 718.1232, Florida Statutes (1981).
[2] The contract provides that the owner of Baymeadows will receive a percentage of the income received by Universal from its service to the apartment tenants. The owners assert that the contract has a value of $72,000 over a twenty-five year period.